**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN L. GAYLES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:08-cr-00438-HEH-1)

Submitted: February 10, 2021               Decided: February 17, 2021

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Katherine Lee Martin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin L. Gayles appealed from the district court's order denying in part his motion for a reduction of sentence.[*] After briefing was complete, Gayles' attorney informed this court that Gayles had died and filed an unopposed motion to dismiss. In his motion, Gayles' attorney further requested that this court remand to the district court with instructions to vacate Gayles' conviction and dismiss the indictment against him. While we grant the motion to dismiss the appeal, we decline to remand the case.

The death of a defendant before direct appellate review of his conviction has completed abates the cause of action *ab initio*. *United States v. Rorie*, 58 M.J. 399, 402 & n.2 (C.A.A.F. 2003) (listing cases). We have held that an appellant's death "pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception. In such a case, the appeal is dismissed and the cause remanded to the district court with instructions to vacate the judgment and to dismiss the indictment." *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984) (internal citations omitted).

Gayles' counsel seeks to have Gayles' conviction vacated and his indictment dismissed in accordance with *Dudley*. However, while Gayles died pending appeal, his appeal was not from his conviction and sentence but rather from the denial in part of his motion for reduction of sentence. Gayles' conviction and sentence were long since

---

[*] Gayles sought a reduction from 150 months to 36 months in prison. The district court granted the motion in part, reducing Gayles sentence to 132 months.

finalized, and there exists no possibility that Gayles' conviction would have been overturned or his original sentence invalidated, even were he successful on appeal. At best, Gayles retained the possibility that his sentence would be further reduced. However, if the district court's order that was appealed were vacated due to Gayles' death, the result would be the removal of the beneficial reduction that Gayle received. As such, we decline to vacate the district court's underlying order.

Accordingly, we grant Gayles' counsel's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*